UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRIESTINA CASASANTA,

                Plaintiff,                No. 12-cv-10108

vs.                                        Hon. Gerald E. Rosen

FEDERAL NATIONAL
MORTGAGE ASSOCIATION, et al.,

                Defendants.
_____/

MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR STAY PENDING APPEAL

                At a session of said Court, held in
                the U.S. Courthouse, Detroit, Michigan
                on March 08, 2013

                PRESENT:   Honorable Gerald E. Rosen
                                      United States District Chief Judge

       On October 16, 2012, the Court entered an Opinion and Order and Judgment granting Defendants' Motion to Dismiss Plaintiff's one-count quiet title complaint in this mortgage foreclosure action and denying Plaintiff's Motion for leave to amend finding that Plaintiff's proposed amendment would be futile. As noted by the Court in that Opinion and Order, the record of this matter shows that on October 13, 2011, Fannie Mae purchased the Plaintiff's property at foreclosure sale for $213,188.03. The six-month redemption period provided under M.C.L. § 600.3240(8) ended on April 13, 2012.

       On March 4, 2013, Plaintiff filed a Notice of Appeal from the Court's October 16,

2012 Judgment together with the instant Motion for Stay of enforcement of the Judgment pending her appeal.

The time for filing a Notice of Appeal from the Court's Opinion and Order and Judgment expired on November 16, 2012, *see* Fed. R. App. P. 4(a)(1)(A). Plaintiff never moved for an extension of time within which to do so, and the time for filing such a motion has also expired. *See* Fed. R. App. P. 4(a)(5). Plaintiff's Notice of Appeal being untimely, renders consideration of her Motion for a stay pending appeal moot.

However, even considering the merits of Plaintiff's Motion, the Court finds that Plaintiff has failed to establish her entitlement to a stay pending appeal.

In determining whether a stay should be granted pending appeal, the court considers the same factors as are considered for preliminary injunctions. *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991). These four factors are: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Id*. "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id*. (citation omitted).

Though the factors are the same for both a preliminary injunction and a stay pending appeal, the balancing process is not identical due to the different procedural

postures. *Id*. A motion for stay pending appeal is made after after the court has fully considered the merits of the case. *Id.* As a result, a movant seeking a stay pending appeal will have a greater difficulty in demonstrating a likelihood of success on the merits. A party seeking a stay must demonstrate that "there is a likelihood of reversal." *Id*. This high standard is justified because "there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court had the benefit of a complete record. . . ." *Id*.

However, to justify the granting of a stay, a movant need not always establish a high probability of success on the merits. *Ohio ex rel. Celebrezze*, 812 F.2d 288, 290 (6th Cir.1987). Rather, "[t]he probability of success on the merits that must be shown is inversely proportional to the degree of irreparable injury the plaintiff[] will suffer absent the stay." Id. This means that a stay may be granted with either a high probability of success on the merits and some irreparable injury, or serious questions going to the merits and "irreparable harm which decidedly outweighs any potential harm to the defendant if a stay is issued." *Id*. (citation omitted). Mere possibility of success on the merits is not sufficient. *Id*.

Plaintiff's Motion in this case does not even mention the probability of success. In fact, her only mention of any of the factors is one conclusory sentence: "Petitioner would suffer irreparable injury if a stay were not granted, in that if her appeal is successful, she will have lost her home...." [Motion for Stay, ¶ 3.] She makes no argument as to the

probability or even the possibility of success on appeal or that a stay in this case would be in the public interest. And, she makes only a conclusory assertion that "[t]he harm to petitioner in the absence of a stay outweighs the harm to respondent." Having failed to demonstrate a likelihood of success on the merits and having further failed to sufficiently demonstrate that the other factors weigh in favor of granting the stay, Plaintiff's motion must be denied.[1]

IT IS HEREBY ORDERED that Plaintiff's Motion for Stay pending appeal is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 8, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 8, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager

---

[1] Though Plaintiff suggests that that she be allowed to make payments to the Court for the Court to hold in escrow as a "bond," to obtain a stay pending appeal by way of posting a bond requires that the movant post a court-approved supersedeas bond. *See* Fed. R. Civ. P. 62(d); Fed. R. App. P. 8; *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348 (E.D. Mich. 1998). Plaintiff has not presented a supersedeas bond and has not proffered proof that she could obtain a bond sufficient to cover the $213,188.03 paid by Defendant for the Property and to compensate Defendant for damages which it might incur as a result of the stay. *See Hamlin* at 351.