UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRIESTINA CASASANTA,

                     Plaintiff,                     No. 12-cv-10108

vs.                                       Hon. Gerald E. Rosen

FEDERAL NATIONAL
MORTGAGE ASSOCIATION, et al.,

                     Defendants.
_____/

OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RELIEF UNDER FED. R. CIV. P. 60(b)(5) and (6)

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on May 15, 2014

PRESENT:Honorable Gerald E. Rosen
United States District Chief Judge

## I. INTRODUCTION

This avoidance-of-mortgage-foreclosure action is presently before the Court on

Plaintiff Triestina Casasanta's Fed. R. Civ. P. 60(b) motion to vacate the Court's October

16, 2012 dismissal of her complaint.  Defendants have responded and Plaintiff has

replied.  Having reviewed the parties' briefs, the accompanying exhibits, and the record

as a whole, the Court finds that the pertinent facts and legal contentions are sufficiently

presented in these materials, and that oral argument would not assist in the resolution of

this matter.  Accordingly, the Court will decide this matter "on the briefs."  *See* Eastern District of Michigan Local Rule 7.1(f)(2). This Opinion and Order sets forth the Court's ruling.

## II.  FACTUAL BACKGROUND

On September 30, 2005, Plaintiff Triestina Casasanta closed a mortgage loan in the amount of $195,340 with non-party lender Manufacturer's Financial Corporation.  As security for the Loan, Plaintiff executed a promissory note which was secured by a mortgage on her home in Shelby Township, Michigan. Mortgage Electronic Registration Systems, Inc. ("MERS") was the mortgagee under the mortgage, as nominee for the lender and its successors and assigns.  By assignment recorded February 9, 2009, MERS assigned the mortgage to CitiMortgage Inc. ("CMI").  CMI subsequently assigned and transferred the mortgage to the Federal National Mortgage Association ("Fannie Mae").

Plaintiff subsequently defaulted on her repayment obligations.  Plaintiff was given notice of default and her right under Michigan law to request mediation.  Notice of foreclosure sale was thereafter posted in the Macomb County Legal News on September 14, September 21, September 28, and October 5, 2011.  On October 13, 2011, Fannie Mae purchased the Property at foreclosure sale for $213,188.03.

On December 1, 2011, Plaintiff, through counsel, filed a one-count complaint to quiet title in Macomb County Circuit Court which was subsequently timely removed to this Court.  The sole argument made by Plaintiff as the basis for her complaint was that

2

the mortgage and note were a "nullity" because they had been split when MERS held only the mortgage, as nominee, separate from the note.  On the Rule 12(b)(6) motions filed by the Defendants, the Court dismissed Plaintiff's complaint on October 16, 2012.  The Court held that Plaintiff failed to state a claim as a matter of law because once the redemption period expired, her rights in, and title to, the property were extinguished.  *See* 10/16/12 Opinion and Order, Dkt. # 23, p. 5.  The Court also determined that there was no basis for an equitable extension of the redemption period because Plaintiff had not alleged any fraud or irregularity in the foreclosure proceeding, and had certainly not made a clear showing of fraud or defect in the proceeding that would justify setting aside the Sheriff's Deed.  *Id.* at 8.  The Court further denied Plaintiff's request to amend her complaint to assert another note-splitting theory based on an alleged securitized trust as futile.  *Id.* at 9-10.

POST-JUDGMENT PROCEEDINGS

After this Court entered its Opinion and Order and Judgment of Dismissal, Fannie Mae resumed its eviction action which had been pending in Michigan's 41-A District Court since May 2012, but periodically adjourned during the pendency of this federal action.  On December 14, 2012, Ms. Casasanta agreed to a consent judgment of possession requiring her to surrender the property no later than January 14, 2013.  *See* Defendant Fannie Mae's Ex. 1.

However, instead of abiding by the consent judgment she had agreed to, on

January 14, 2013 -- the deadline date for surrendering the property -- Ms. Casasanta,
through new counsel, filed for bankruptcy and remained in the property, forcing Fannie
Mae to seek relief from the automatic stay.  *See* MIEB No. 13-40587, Dkt. # 21.  The
Bankruptcy Court removed the stay on February 25, 2013.  *See id.,* Dkt. # 27.

Plaintiff still did not surrender possession.  Instead, on March 4, 2013, nearly five
months after this Court's Rule 12(b)(6) dismissal or her claim, Plaintiff filed a claim of
appeal in the Sixth Circuit, and obtained another stay of eviction proceedings from that
court.  *See* Defendant Fannie Mae's Ex. 4.  That stay remained in place for five months
until August 20, 2013 when the Sixth Circuit dismissed Plaintiff's appeal for lack of
jurisdiction.

Following the dismissal of Plaintiff's appeal by the Sixth Circuit, the state court
set a hearing for Fannie Mae to obtain a writ of eviction on October 2, 2013.  In
avoidance of that proceeding and to enable Plaintiff to continue to remain in the
foreclosed house, on September 27, 2013, Plaintiff, through yet again different counsel,
filed the instant Rule 60(b) motion for relief from the judgment dismissing her
avoidance-of-foreclosure complaint, which resulted in the adjournment of the state court
writ of eviction hearing.

## III.  <u>DISCUSSION</u>

"Rule 60(b) allows a party to seek relief from a final judgment, and request
reopening of his case, under a limited set of circumstances including fraud, mistake, and

newly discovered evidence." *Gonzalez v. Crosby*, 354 U.S. 524, 528 (2005). However, relief from a judgment or order under Rule 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). Exceptional circumstances under Rule 60(b) means "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). A claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b). *Pierce v. UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied*, 474 U.S. 1104 (1986).

In this case, Plaintiff Casasanta seeks relief pursuant to Rule 60(b)(5) and (6). Rule 60(b)(5) relief is available where

> the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Fed. R. Civ. P. 60(b)(5).

There is no possible basis for Plaintiff to claim that the judgment has been "satisfied, released or discharged," or that the judgment was "based on an earlier judgment that has been reversed or vacated." Thus, the only possible basis for application of Rule 60(b)(5) would be the inequitable prospective application clause.

However, there is nothing in the Rule 12(b)(6) dismissal of this case that implicates "prospective application." As the court explained in *Lemire v. Secretary of*

5

*Health & Human Services*, 2008 WL 2490654 (Fed. Cl. 2008), "there is, by definition, nothing prospective about a judgment of dismissal.  It places no continuing duty on anyone, and has no applicability to future circumstances or events."  *Id.* (citations omitted).  "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U. S. 433, 447, 129 S.Ct. 2579, 2593 (2009) (quoting *Rufo v . Inmates of Suffolk County Jail*, 502 U.S. 367, 384, 112 S.Ct. 748 (1992)). The prototypical situation for Rule 60(b)(5) review is where current events have outgrown a previously-entered forward-looking injunction or consent decree. *See e.g., Comfort v. Lynn School Committee*, 560 F.3d 22, 28 (1st Cir. 2009); *DeWerth v. Baldinger*, 38 F.3d 1266, 1276 (2d Cir. 1994); *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1139 (D.C. Cir. 1988). The party seeking relief bears the burden of establishing that changed circumstances warrant relief.  *Rufo*, 502 U.S. at 383, 112 S.Ct. at 748.

Plaintiff here has not identified any changed circumstances or other equitable considerations to justify relief under Rule 60(b)(5).  Instead, Plaintiff identifies a series of events related to her efforts to obtain a loan modification *in 2011*.  She alleges that she applied for a loan modification on February 16, 2011 and that she continued to exchange

communications and information with foreclosure counsel through September 25, 2011.

She claims that the Sheriff's Sale took place on October 13, 2011 without her having

heard anything determinative on her loan application. This, she claims, was a violation

of Michigan law and the Home Affordable Modification Program ("HAMP") regulations.

And it is this violation upon which Plaintiff now predicates her motion for relief from

judgment. However, none of this demonstrates a change in circumstances. All of the

facts pertaining to her loan modification application were readily available at the time

when Plaintiff filed her complaint in this case on December 1, 2011. That Plaintiff failed

to mention her loan modification application when she filed this lawsuit -- and never

sought leave to amend her complaint to raise her claim that Defendants violated the law

by foreclosing when she had a loan modification application pending -- does not entitle

her to a "do over" under the auspices of a Rule 60(b)(5) motion for relief from judgment.

"Rule 60(b) does not allow a defeated litigant a second chance to convince the court to

rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v.

Allied Signal Inc.,* 250 F.3d 381, 385 (6th Cir. 2001).[1]

---

[1]  Moreover, even if Plaintiff had raised this claim at the time this lawsuit was still pending it would not entitle her to any different relief. Plaintiff's allegations about the pendency of her loan modification application at the time of the foreclosure sale does not constitute fraud or irregularity in the foreclosure process itself to justify setting aside a foreclosure sale after the redemption period lapsed. *See Williams v. Pledged Property II, LLC,* 508 F. App'x 465 (6th Cir. 2012) ("Despite the fact that the [loan modification] negotiations may have taken place during the foreclosure process, these negotiations remained separate from the foreclosure process itself. . . [a]s such, even if assumed to be true, Williams's allegations of fraud would not qualify him for the fraud exception because they are not fraud or irregularity in 'the legal measures' of the foreclosure

Nor is Plaintiff entitled to invoke Rule 60(b)(6) and its catch-all "any other reason that justifies relief" provision.  It is well-settled that Rule 60(b)(6) cannot be invoked where the motion is premised on the grounds for relief enumerated in subsections (1) through (5) of the Rule.  *Liljeberg v. Health Serv. Corp.*, 486 U.S. 847, 863, & n.11 (1988); *Hopper v. Euclid Manor Nursing Home,* 867 F.2d 291, 295 (6th Cir. 1989); *McCurry v. Adventist Health System*, 298 F.3d 586, 595 (6th Cir. 2002).  As Plaintiff here argued a change of circumstances as grounds for relief, she may not rely on Rule 60(b)(6) as those grounds are covered under subsection (5) of the Rule.

<u>CONCLUSION</u>

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Relief Under Federal Rule of Civil Procedure 60(b)(5) and (6) **[Dkt. # 32]** is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  May 15, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 15, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

---

process.") (citation omitted); *Shamoun v. Fed. Nat'l Mortgage Ass'n*, 2013 U.S. Dist. LEXIS 71392 at *13 (E.D. Mich. May 21, 2013) (holding allegation that the plaintiff was in the process of negotiating a loan modification when the defendant foreclosed did not "constitute an irregularity sufficient to set aside the foreclosure sale").

8